# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brandon Devin Addy, ) | |
| ) | Civil Action No. 8:13-cv-00027-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report") (ECF No. 16), filed February 5, 2014, regarding Plaintiff Brandon Devin Addy's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). Plaintiff filed the instant action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1). The magistrate judge concluded that the administrative law judge ("ALJ") applied the proper legal standards in making the residual functional capacity ("RFC") determination. (*See* ECF No. 16 at 1). Accordingly, the magistrate judge recommends that the court affirm the Commissioner's final decision. *Id.* at 1.

For the reasons set forth below, the court **REJECTS** the magistrate judge's Report, **REVERSES** the Commissioner's final decision, and **REMANDS** this action.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

1

Plaintiff filed an application for DIB, on September 19, 2008, regarding a disability which he initially alleged began on January 31, 2005, but later amended to April 20, 2006. (Tr. 67, 167–69).[1] Plaintiff's application was denied initially on August 4, 2009 (Tr. 82–86), and again upon reconsideration by the Commissioner on July 9, 2010 (Tr. 90–92). On July 15, 2011, Plaintiff had a hearing before an ALJ (Tr. 7–54), and on August 9, 2011, the ALJ found that Plaintiff was not disabled. (Tr. 59–81). The ALJ found that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine and status post artificial disc replacement at L4-5 with left lower extremity radiculopathy. (Tr. 64). The ALJ also found Plaintiff has a non-severe impairment of depression. (Tr. 65). The ALJ concluded that Plaintiff had a RCF to perform light work with the following specifications:

> [N]o lifting and/or carrying over 20 pounds occasionally and 10 pounds frequently; no standing and/or walking over 6 hours in an 8-hour workday; no more than occasional stooping, twisting, crouching, kneeling, crawling and climbing of stairs or ramps; no climbing of ladders or scaffolds; no more than occasional use of foot pedals or other controls with the lower extremity; and avoidance of hazards such as unprotected heights, vibration, and dangerous machinery.

(Tr. 71–72).

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 636(b)(1)(B) of the Social Security Act to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1). The magistrate judge reviewed Plaintiff's case and provided the Report to the court. (ECF No. 16). In the Report, the magistrate judge found that the ALJ adequately explained the weight assigned to the opinion of Plaintiff's vocational examiner Dr. Brabham, *id.* at 24, and that the ALJ conducted a proper credibility analysis for

---

[1] The court cites to pages in the transcript of the administrative record and not to the electronic case filing page numbers.

2

Plaintiff's subjective complaints. *Id.* at 28. Plaintiff filed objections to the findings of the Report, (ECF No. 18), to which the Commissioner replied, (ECF No. 20).

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C.§ 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279

(4th Cir. 1969). [T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

**Vocational Examiner's Opinion**

In his objections, Plaintiff argues that the ALJ erred by not giving proper weight to the vocational opinion of Dr. Robert Brabham, a licensed psychologist who conducted a psychological and vocational evaluation of Plaintiff. (ECF No. 18 at 1–2). Plaintiff contends that Dr. Brabham's reliance on the functional capacity evaluation ("FCE") of physical therapist Deborah Pitts entitles Dr. Brabham's opinion to great deference because "FCEs are widely regarded as the best indicator of an individual's true capacity for work activity." *Id.* at 1–2. Plaintiff explains that Ms. Pitts estimated that Plaintiff could perform sedentary to light work only on a part-time basis due to significant deconditioning and limited positional tolerance. *Id.* at 1. Plaintiff states that Dr. Brabham's ultimate opinion that Plaintiff was not yet able to sustain substantial gainful employment was supported by Plaintiff's FCE, Dr. Brabham's own psychological evaluation, and medical records from eighteen different medical sources. *Id.* at 1–2. As such, Plaintiff asserts that the ALJ did not accord Dr. Brabham's opinion proper weight. *Id.*

While the ALJ evaluated Dr. Brabham's opinion as that of a treating physician, the court finds that the portion of Dr. Brabham's report at issue in Plaintiff's case is Dr. Brabham's vocational assessment, not his psychological findings. For that reason, Dr. Brabham's vocational opinion is not properly considered that of a treating physician but instead that of a vocational consultant. *See Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (discussing an ALJ's

4

consideration of a vocational consultant's report); *see also* 20 C.F.R. § 416.913 (listing psychologists as acceptable medical sources but "for the purposes of establishing intellectual disability, learning disabilities, or borderline intellectual functioning only"). Despite the court's opinion that Dr. Brabham's report is not entitled to the special status afforded the reports of treating physicians, the court still finds that the ALJ's decision to assign Dr. Brabham's report no significant weight is not sufficiently supported.

The magistrate judge thoroughly outlined Dr. Brabham's findings in the Report and the court adopts that summary as its own while providing a brief recitation.

Dr. Brabham provided the following vocational opinion:

> Several factors enter into reaching vocational conclusion and outlooks. They include his age, only 31, defined as a younger worker; his vocational history of work which is no longer within his medical restrictions and limitations; pain that he experiences without pain medications, and negative side effects when he takes medication; and his inability to even sit for a full work day, at least several days per week. Taking all of those factors into consideration, *it is my opinion, to a high degree of professional certainty, based on nearly forty-five years of vocational rehabilitation experience, that he is unable to yet engage in full-time gainful, competitive employment in his present medical condition*. If he is able to return to and sustain gainful employment, Mr. Addy needs to achieve better pain management through whatever appropriate medical services might be available. He also needs vocational rehabilitation services including alternate job exploration/counseling and/or possible retraining for eventual job placement services.

(Tr. 414 (emphasis in original)).

The ALJ concluded that Dr. Brabham's opinion was contradicted by Plaintiff's longitudinal history of treatment. (Tr. 68). However, the record does not support this finding. All of the medical opinions discussed by the ALJ that specifically address Plaintiff's ability to work support a more restrictive finding than the ALJ's RFC of light work. In fact, a couple of the physicians' conclusions are largely supportive of Dr. Brabham's determination that Plaintiff is unable to work at all. As previously discussed, physical therapist Pitts opined that Plaintiff

could "perform sedentary to light physical demand labor" but she found that Plaintiff would only be able to work on a part-time basis. (Tr. 67). The ALJ appears to disregard the portion of Ms. Pitts's assessment indicating Plaintiff could only work part-time reasoning that the assessment was based in part on Plaintiff's "deconditioning". (Tr. 68). The court is unclear as to why Plaintiff's deconditioning would render him able to perform full-time work as the ALJ seems to imply. Dr. Donald Johnson also found Plaintiff was able to return to work, but only at the sedentary level. (Tr. 67). Dr. Robert Phillips reported that Plaintiff would have difficulty being consistently productive in a work setting due to his pain. (Tr. 70). Dr. Crigler concluded, among several findings, that Plaintiff would be limited to stand and walk less than two hours of the work day, would need the ability to shift at will from sitting to standing or walking, would need to lie down at unpredictable intervals four to five times a day, and would be absent from work more than three times a month as a result of his impairments. (Tr. 71).

While "[i]t is not…[the court's] function to substitute [its] judgment for that of the Secretary if his decision is supported by substantial evidence[,]" *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), the court cannot reasonably reconcile the aforementioned medical opinions with the ALJ's decision to discount Dr. Brabham's opinion or the ALJ's ultimate RFC determination. Therefore, the court remands this action to the Commissioner for further consideration and explanation of the medical source reports.

**Credibility**

Plaintiff asserts the ALJ erred in discounting Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his impairments. (ECF No. 18 at 2–3). Specifically, Plaintiff takes issue with the ALJ's description of his daily activities as "representative of a fairly active and varied lifestyle . . . not indicative of a significant restriction

of activities or construction of interests." *Id.* at 3 (citing Tr. 74).  Plaintiff asserts that the ALJ failed to properly consider Plaintiff's complaints that he could not carry heavy objects and had difficulty performing household chores and various other activities.  (ECF No. 18 at 2).

When determining the credibility of Plaintiff's testimony concerning his physical limitations, the ALJ must consider all relevant evidence in the record.  *See* SSR 96-7p.  This analysis requires the ALJ to compare the plaintiff's claims of pain against objective medical evidence as well as all other evidence, in order to see if there are inconsistencies prior to discrediting his allegations.  *Craig v. Charter*, 76 F.3d 585, 595 (4th Cir. 1996).  In Craig, the court described a two-prong analysis for evaluating subjective reports of pain.  *Id.* at 594.  First, there must be objective evidence of physical or mental impairment that could reasonably be expected to produce pain of the type, severity, and persistence, which the claimant is alleging. *Id.*  If such evidence exists, the ALJ may then consider the entire record, including both objective and subjective evidence, to assess the credibility of the plaintiff's reports concerning the severity of his pain.  *Id.* at 595.

Additionally, the ALJ's determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for the weight."  *Id.*; *see also Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (stating that the ALJ's credibility determination "must refer specifically to the evidence informing the ALJ's conclusions").  Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be upheld if they are based on improper criteria.  *Breeden v. Weinberger*, 493 F.2d 1002, 1010 (4th Cir. 1974).  If the ALJ points to substantial evidence in support of his decision and adequately

7

explains the reasons for his finding on the claimant's credibility, the court must uphold the ALJ's determination. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The ALJ found that Plaintiff's impairments could reasonably be expected to cause some of his alleged symptoms. (Tr. 73). Nonetheless, the ALJ discounted the credibility of Plaintiff's allegations to the extent they were inconsistent with the RFC. *Id.* Plaintiff testified that as a result of sleeping difficulties at night, he takes two-hour naps in the afternoons. (Tr. 72). Plaintiff also testified that while he could lift twenty pounds, he could only carry ten pounds. *Id.* Plaintiff stated that he can walk about 100–150 feet before needing to stop, and could drive but experienced pressure in his lower back while doing so. *Id.* Plaintiff asserted that he had difficulty bending over to wash clothes or wash dishes and that while he grocery shops, he finds hardship in walking and carrying the groceries. (Tr. 73). Plaintiff also testified that he spends three days a week in bed due to his pain. *Id.*

The ALJ diminished Plaintiff's credibility, in part, because there was no documentation in the medical evidence that Plaintiff had reported his limitations to his physicians. (Tr. 73). The ALJ stated that Plaintiff's medical records did not indicate he appeared in distress at his appointments. (Tr. 74). The ALJ also discussed that there was no evidence of Plaintiff visiting the emergency room, having hospital visits or further surgery, or any atrophy or losses in weight. *Id.*

The Fourth Circuit has instructed, once the ALJ has concluded, as in this case, that a plaintiff has a medical condition that could cause the pain alleged, his subjective "complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." *Mickles v. Shalala*, 29 F.3d 918, 918 (4th Cir. 1994). The court finds that the absence of objective evidence is insufficient to disregard Plaintiff's subjective complaints.

8

Moreover, throughout the ALJ's summary of the record there are indications that Plaintiff reported his limitations to his physicians. (*See* Tr. 67 ("claimant reported no significant benefit with medications or with injections in regards to his pain…no adequate pain relief"); Tr. 68 ("claimant reported…his leg and foot pain was more troublesome"); Tr. 69 ("noted a diagnostic impression of…chronic low back pain"); Tr. 70 ("claimant presented with complaints of persistent low back pain with symptoms into the left leg"); Tr. 71 ("discharged due to his complaints of worsening pain")).

In further support of his discrediting of Plaintiff's complaints, the ALJ noted that Plaintiff did not appear to be in pain or discomfort at the hearing. (Tr. 74). The ALJ acknowledged that Plaintiff's appearance at the hearing, at most, could only be given "slight weight." The court agrees.

The ALJ's personal observations of Plaintiff do not constitute substantial evidence for finding Plaintiff not credible. This type of decision-making has been condemned as "sit and squirm" jurisprudence. *See Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) ("[T]his approach will not only result in unreliable conclusions when observing claimants with honest intentions, but may encourage claimants to manufacture convincing observable manifestations of pain or, worse yet, discourage them from exercising the right to appear before an [ALJ] for fear that they may not appear to the unexpert eye to be as bad as they feel.") (internal citation omitted); *see also Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985).

The ALJ cited the physical therapist's opinion that Plaintiff is able to do more than he thinks he can. (Tr. 73). However, the physical therapist also indicated that the inconsistencies between the reliability and accuracy of Plaintiff's subjective reports of limitation were minor. (Tr. 461). Moreover, the ALJ stated that Plaintiff's daily activities, namely, the driving of his

9

car, grocery shopping, household chores, attending doctor's appointments, and using the computer indicated he was not significantly restricted. (Tr. 74). Yet the ALJ acknowledged that Plaintiff stated he experiences pain from driving (Tr. 68, *see also* Tr. 45) and uses his computer to contact friends on social networking sites (Tr. 69). Plaintiff testified that he "cooks" meals in the microwave and has difficulty lifting and carrying his clothes in order to wash them. (Tr. 45–47). Plaintiff also explained that it pains him to bend over the sink while washing dishes. (Tr. 47). The court does not find it reasonable to infer "a fairly active and varied lifestyle" on the basis of this evidence as the ALJ has done. The court likewise finds it improper to conclude that Plaintiff does not have the limitations he alleges because he attends his medical appointments. *See Mickles*, 29 F.3d at 921(affirming a finding that the plaintiff was not disabled based on a *lack of evidence* that plaintiff was attending medical appointments, using medication for the symptoms she alleged, or otherwise treating her purported ailments).

Finally, the ALJ's conclusion that Plaintiff can lift or carry up to twenty pounds occasionally and ten pounds frequently is supported by several medical sources in the record. (*See* Tr. 66, 68, 71). Nonetheless, the other specifications of the RFC determination are not compatible with Plaintiff's testimony, and the court does not find that the ALJ's cumulative discussion of Plaintiff's subjective complaints meets the requirement of substantial evidence. Accordingly, the court remands this action to the Acting Commissioner to conduct a proper credibility analysis.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **REJECTS** the magistrate judge's Report and Recommendation

(ECF No. 16), **REVERSES** the Commissioner's final decision, and **REMANDS** this action under 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 28, 2014
Greenville, South Carolina

11